1   McGREGOR W. SCOTT
    United States Attorney
2   JAMES R. CONOLLY
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone:  (916) 554-2700
    Facsimile:   (916) 554-2900
5
6   Attorneys for Plaintiff
    United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO. 2:18-CR-76-WBS

12                         Plaintiff,      STIPULATION TO CONTINUE STATUS
                                           CONFERENCE AND EXCLUDE TIME PERIODS
                                           UNDER SPEEDY TRIAL ACT; FINDINGS AND
13                   v.                    ORDER

14  JOSE GARCIA-LOPEZ                      DATE: June 22, 2020
    a.k.a. SANTOS LEON BUSTAMANTE          TIME: 9:00 a.m.
15  a.k.a. RODRIGO LEON BUSTAMANTE,        COURT: Hon. William B. Shubb

16                         Defendant.

17

18          By previous order, this matter was set for status on June 22, 2020.  By this stipulation and

19  proposed order, the parties respectfully request that the Court continue the status conference until

20  September 21, 2020 at 9:00 a.m.

21          To the extent it is needed, this stipulation supplements the basis for exclusion of time under

22  General Order 617, and all prior General Orders addressing public health concerns, and requests that the

23  Court also exclude time between June 22, 2020, and September 21, 2020 at 9:00 a.m, under Local Code

24  T4, for the reasons set forth below.

25          On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

26  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

27  continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

28  address public health concerns related to COVID-19.

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

11   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

12   the ends of justice served by taking such action outweigh the best interest of the public and the

13   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

14   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

15   ends of justice served by the granting of such continuance outweigh the best interests of the public and

16   the defendant in a speedy trial."  *Id.*

17   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

23   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

24   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

25   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26   In light of the societal context created by the foregoing, this Court should consider the following

27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

1  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

2  for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

**STIPULATION**

5      1.      By this stipulation, the parties move to continue the status conference until September 21,

6  2020 at 9:00 a.m, and to exclude time between June 22, 2020, and September 21, 2020 at 9:00 a.m,

7  under Local Code T4.

8      2.      The parties agree and stipulate, and request that the Court find the following:

9          a)      The government has represented that it has produced discovery in the form of

10  investigative reports and photographs, which the defendant needs further time to review and

11  discuss with his counsel.  The government has also made available electronic surveillance

12  discovery, including video surveillance footage, which the defendant will also need time to

13  review and discuss with his counsel.

14          b)      Counsel for the defendant has familiarized herself with the evidence and

15  proceedings in the case, but requires further time to pursue avenues of investigation, including

16  potential resolution options.  Counsel for defendant believes that failure to grant the above-

17  requested continuance would deny counsel the reasonable time necessary for effective

18  preparation, taking into account the exercise of due diligence.

19          c)      Based on the above-stated findings, the ends of justice served by continuing the

20  case as requested outweigh the interest of the public and the defendant in a trial within the

21  original date prescribed by the Speedy Trial Act.

22          d)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

23  et seq., within which trial must commence, the time period of June 22, 2020 to September 21,

24  2020 at 9:00 a.m, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

25  [Local Code T4] because it results from a continuance granted by the Court at defendant's

26  request on the basis of the Court's finding that the ends of justice served by taking such action

___

28  [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 17, 2020                    McGREGOR W. SCOTT
                                         United States Attorney

                                         /s/ James R. Conolly
                                         JAMES R. CONOLLY
                                         Assistant United States Attorney

Dated:  June 17, 2020                    /s/ Dina Santos
                                         DINA SANTOS
                                         Counsel for Defendant
                                         Jose Garcia-Lopez
                                         a.k.a. Santos Leon Bustamante
                                         a.k.a. Rodrigo Leon Bustamante

**FINDINGS AND ORDER**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from the date the parties stipulated, up to and including September 21, 2020 at 9:00 a.m, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code T4). It is further ordered that the June 22, 2020 status conference shall be continued until September 21, 2020 at 9:00 a.m.

IT IS SO FOUND AND ORDERED.

Dated:  June 18, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE